UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSIE SAMUEL RUFUS BENFORD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-263-SEP |
| S. STIMSON, | ) ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jessie Samuel Rufus Benford's application to proceed in the district court without prepaying fees or costs. Doc. [2]. That motion is granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons set forth below, this action is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation"). When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). However, even pro se complaints are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## THE COMPLAINT

Plaintiff alleges Defendant S. Stimson, a "referee" for the Missouri Division of Employment Security, violated his civil rights under 42 U.S.C. § 1983 as follows:

(1) I was falsely charged by S. Stimson of quitting my job with Schneider National

(2) 2-04-2019

(3) Hearing conducted by ~~Missouri Division of Employment~~ S. Stimson via telephone

(4) Major emotional, financial distress, deprivation

(5) Defendant S. Stimson failed to properly investigate Jack Filina's testimony which lack[s] documented proof. Jack Filina claimed that Benford quit his job, and later confessed to terminating Benford in Federal Court on 6-7-2019.

Doc. [1] at 5 (strikethrough in original). As relief, Plaintiff seeks $300,000 in compensatory damages, and $5,000,000 in punitive damages.

## BACKGROUND

Plaintiff Benford has filed twenty-eight (28) *in forma pauperis* cases with this Court.[1] The Court notes that twenty-two (22) of those previously filed cases were dismissed on initial

---

[1] *See Benford v. Home Depot*, Case No. 4:00-cv-1924-FRB (E.D. Mo. Dec. 2000); *Benford v. Ameren UE*, Case No. 4:01-cv-824-ERW (E.D. Mo. 2001); *Benford v. Laclede Gas Company*, Case No. 4:01-cv-825-CAS (E.D. Mo. May 2001); *Benford v. MO Dept. of Motor Vehicles*, Case No. 4:01-cv-877-DJS (E.D. Mo. June 2001); *Benford v. Jehovah's Witness*, Case No. 4:01-cv-878-CDP (E.D. Mo. June 2001); *Benford v. Mitch Murch's Maintenance Mgmt.*, Case No. 4:01-cv-1137-CAS (E.D. Mo. July 2001): *Schnucks Supermarkets*, Case No. 4:01-cv-1138-DJS (E.D. Mo. Aug. 2001); *Benford v. Laclede Gas Company*, Case No. 4:01-cv-825-CAS (E.D. Mo. May 2001); *Benford v. Laclede Gas Company*, Case No. 4:01-cv-825-CAS (E.D. Mo. May 2001); *Benford v. Dierbergs Markets*, Case No. 4:01-cv-1139-TIA (E.D. Mo. July 2001); *Benford v. St. Louis City Water*, Case No. 4:01-cv-1241-CAS (E.D. Mo. Aug. 2001); *Benford v. St. Louis County Water*, Case No. 4:01-cv-1242-CAS (E.D. Mo. Aug. 2001); *Benford v. Spann Building Maintenance Co.*, Case No. 4:02-cv-132-LMB (E.D. Mo. Jan. 2002); *Benford v. Local 50*

review pursuant to § 1915(e)(2) for failure to state a claim, frivolousness, or both. Three of the cases, including the instant action, are still pending. Notably, some of the already dismissed cases involve the same set of facts Plaintiff complains of in the instant action.

Specifically, on November 21, 2008, Plaintiff brought an employment discrimination case against his former employer, Schneider National, Inc., pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e, *et seq*. *See Benford v. Schneider Nat'l, Inc.*, Case No. 4:08-cv-1822-SNLJ (E.D. Mo.). The Court dismissed the case for failure to state a claim because Plaintiff did not allege that any actions by the defendant were because of his race, religion, or gender. *Id.* at Doc. [26].

On March 21, 2019, Plaintiff brought a second employment discrimination case against Schneider National pursuant to Title VII. *See Benford v. Schneider Nat'l, Inc.*, Case No. 4:19-cv-550-MTS (E.D. Mo.). Because Plaintiff failed to exhaust his administrative remedies, all his claims were dismissed upon initial review except for a religious discrimination claim. At summary judgment the Court dismissed the action because he was unable to show he was meeting his employer's legitimate job expectations. *Id.* at Doc. [66]. The United States Court of Appeals for the Eighth Circuit affirmed the Court's judgment on January 10, 2022. *Bedford v. Schneider Nat'l Carriers, Inc.*, No. 21-2717 (8th Cir. 2022).

In response to the opinion by the Court of Appeals, Plaintiff sued the United States Court of Appeals for the Eighth Circuit, alleging it had discriminated against him and slandered him in its ruling. *Benford v. Missouri Court of Appeals Eastern District*, No. 4:22-cv-52-HEA (E.D. Mo. Jan. 13, 2022). In particular, he objected to the statement that he had "quit [his] job," even though his employer and supervisor "admitted to terminating him." On January 19, 2022, the

---

*Service Employees Union*, Case No. 4:02-cv-133-CDP (E.D. Mo. Jan. 2002); *Benford v. Spann Building Maintenance Co.*, Case No. 4:02-cv-1366-HEA (E.D. Mo. Sept. 2002); *Benford v. Home Depot*, Case No. 4:03-cv-252-FRB (E.D. Mo. Feb. 2003); *Benford v. Jehovah's Witnesses*, et. al., Case No. 4:03-cv-362-CDP (E.D. Mo. Mar. 2003); *Benford v. Veterans Administration*, Case No. 4:03-cv-383-DJS (E.D. Mo. Mar. 2003); *Benford v. Shell Oil (Motorcade, Inc.)*, Case No. 4:03-cv-508-AGF (E.D. Mo. Apr. 2003); *Benford v. EEOC*, Case No. 4:03-cv-590-RWS (E.D. Mo. May 2003); *Benford v. MO Div. of Employ.*, Case No. 4:03-cv-591-CDP (E.D. Mo. May 2003); *Benford v. Schneider Nat'l, Inc.*, Case No. 4:08-cv-1822-SNLJ (E.D. Mo. Nov. 2008); *Benford v. Werner Enterprises*, Case No. 4:08-cv-1823-HEA (E.D. Mo. Nov. 2008); *Benford v. Schneider Nat'l, Inc.*, Case No. 4:19-cv-550-MTS (E.D. Mo.); *Benford v. Missouri Ct. of Appeals, Eastern Dist.*, Case No. 4:22-cv-52-HEA (E.D. Mo. Mar. 2019); *Benford v. Missouri Division of Employment Security*, Case No. 4:22-cv-56-SRW (E.D. Mo. Jan. 2022); *Benford v. Labor and Ind.'l Relations Comm.*, Case No. 4:22-cv-58-SEP (E.D. Mo. Jan. 2022); *Benford v. Cornejo, et al.*, Case No. 4:23-cv-252-PLC (E.D. Mo. Mar. 2023); and *Benford v. Dowd, et al.*, Case No. 4:23-cv-261-SRW (E.D. Mo. Mar. 2023).

Court dismissed Plaintiff's complaint pursuant to § 1915(e) for frivolousness and failure to state a claim.  The Court observed that the Court of Appeals was protected from suit by sovereign immunity.  Plaintiff did not appeal that dismissal.

On January 13, 2022, Plaintiff filed a civil rights action against the Missouri Division of Employment Security.  *Benford v. Missouri Division of Employment Security*, Case No. 4:22-cv-56-SRW (E.D. Mo.).  Plaintiff alleged:

> I was terminated from my job at Schneider National on 11-21-2019.  I was located in St. Louis, MO.  My supervisor was located in Kansas City, MO.  The termination happened via telephone.  I was a victim of Title VII, First Amendment violation on behalf of Jack Filina (Schneider Nat.) Jack Filina maliciously "lied" and claimed that I, Jessie Benford, "quit" my job (in Missouri employment hearing)—Missouri Division of Employment falsely ruled in favor of Jack Filina, although Jack Filina confessed to terminating Benford. (Documented proof)

*Id.* at Doc. [1].  On January 19, 2022, the Court dismissed the complaint for failure to state a claim.  *Id.* at Docs. [5], [6].  The Court explained that neither a State nor its officials acting in their official capacity are "persons" under § 1983; an agency exercising state power is also not a person subject to suit under § 1983; and the Eleventh Amendment bars suit against a state or its agencies.  *Id*.

Also on January 13, 2022, Plaintiff filed a civil action against the Labor and Industrial Relations Commission.  *Benford v. Labor and Ind'l Relations Comm.*, Case No. 4:22-cv-58-SEP (E.D. Mo.).  On August 23, 2022, the Court reviewed the complaint and dismissed for three reasons:  (1) a state is not a person for purposes of a § 1983 claim; (2) sovereign immunity bars suit against the Commission without consent of the state; and (3) Plaintiff failed to state a claim.  *Id.* at Doc. [4].

## DISCUSSION

On March 1, 2023, Plaintiff filed the instant case against Defendant Stimson, an employee of the Division of Employment Security, which is a division of the Missouri Department of Labor.  Doc. [1].  Having carefully reviewed and liberally construed the complaint, the Court will dismiss this action for failure to state a claim and for legal frivolousness.

A Plaintiff can bring a civil rights action pursuant to 42 U.S.C. § 1983 against a public official acting in his official capacity, individual capacity, or both.  *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).  If a complaint is silent about the capacity in which a defendant is being sued, the complaint is interpreted as including only official capacity claims.  *Id.  See also*

*Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a Plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). Here, Plaintiff does not indicate whether he is suing defendant Stimson in his official capacity, individual capacity, or both, so it is assumed that Plaintiff is suing him in his official capacity only.

A "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *Elder–Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)); *see also White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Stimson is an employee of a state agency and, therefore, an employee of the State of Missouri. Plaintiff identifies Stimson as a "referee" and lists the address of the Division of Employment Security, Missouri Department of Labor, in Jefferson City, Missouri as the address for Defendant. Doc. [1] at 2.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, Plaintiff cannot bring a claim under 42 U.S.C. § 1983 against Stimson in his official capacity as an employee of the Department of Labor, because the state is not a "person." Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). Thus, Plaintiff's claims against Stimson in his official capacity are dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

Moreover, even if Plaintiff had brought this suit against Stimson in his individual capacity, such a claim would fail. Section 1983 provides no substantive rights; it merely provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright v. Oliver*, 510 U.S. 266, 271 (1994). Under § 1983, a Plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff alleges Stimson "falsely charged" him with quitting his job and failed to properly investigate his supervisor's testimony. Plaintiff does not point to a specific

constitutional provision violated by Stimson, nor does he explain how any of his allegations amount to a violation of his civil rights.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**.  Doc. [2].

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant S. Stimson are **DISMISSED without prejudice**.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel is **DENIED as moot**.  Doc. [3].

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of May, 2023.

*[signature]*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE